**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM JONES,**

        **Petitioner,**

**v.**                                                   **Civil Action No. 1:11cv167**
                                                          **(Judge Keeley)**

**DENNIS DINGUS,**

        **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

On October 17, 2011, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and a motion for leave to proceed *in forma pauperis*. On that same date, the Clerk of Court sent the petitioner a Notice of Deficient Pleading. On October 24, 2011, the Clerk of Court sent the petitioner a second Notice of Deficient Pleading. On November 1, 2011, the petitioner complied with the Notice of Deficient Pleading. After granting the petitioner leave to proceed *in forma pauperis*, the undersigned conducted a preliminary review of the file on December 7, 2011 and found that the petition appeared to be untimely. Thus, the petitioner was issued a <u>Hill v. Brxton</u>[1] Notice and given twenty-eight days to respond. As of the date of this opinion, the petitioner has not filed a response. Moreover, as is more fully set forth below, it is now apparent that this petition is successive and has been filed without the prior permission of the Court of Appeals for the Fourth Circuit.

**I.**    **Procedural History**

The petitioner was indicted in the Circuit Court of Morgan County, West Virginia, of one

---

[1] 277 F.3d 701 (4th Cir. 2002). This Notice warned the petitioner that his case was subject to dismissal based on the one-year limitation period unless he could demonstrate that the petition was timely filed or that he was entitled to equitable tolling.

count of kidnaping in violation of West Virginia Code § 61-2-4, and was convicted of the lessor-included offense of threats to kidnap or demand ransom under West Virginia Code § 61-2-4c. He was sentenced as a recidivist under West Virginia Code § 61-11-18 (Case No. 90-F-3).

On December 23, 1997, the petitioner filed a § 2254 petition with this court challenging his conviction. See William Jones v. William K. Davis, Civil Action No. 3:97cv149. On March 30, 1999, the petition was dismissed without prejudice for failure to exhaust state remedies. On June 24, 1999, the petitioner filed another § 2254 petition with this court again challenging his 1991 conviction. See William Jones v. Howard Painter, Civil Action No. 3:99cv59. By order entered April 5, 2001, the court granted the respondent's Motion for Summary Judgment and denied and dismissed the petition on the merits, after addressing each of the petitioner's grounds for relief. The petitioner appealed the denial of his federal habeas petition to the Court of Appeals for the Fourth Circuit. The appeal was dismissed by unpublished *per curiam* opinion and judgment order filed October 11, 2001, and the mandate issued on November 21, 2001. See William Jones v. Howard Painter, Docket No. 01-6771. On November 20, 2008, the petitioner filed a third § 2254 petition with this court challenging his 1991 conviction. See William Jones v. Teresa Waid, Civil Action No. 3:08cv171. On April 14, 2009, the case was dismissed because it was a second petition, and the petitioner had not received authorization from the Fourth Circuit of Appeals to file a successive § 2254.

## II. Timeliness of the Petitioner's Federal Habeas Petition

As previously noted, on initial review of this matter, the undersigned concluded that the petition appeared to be untimely and issued a Hill v. Braxton Notice. In so doing, the undersigned was unaware that the petitioner had previously filed a § 2254 petition which had been dismissed on

the merits.[2] Having now discovered that fact, the undersigned concludes that timeliness is not an issue which need be addressed.

### III. **Analysis**

The petitioner's October 17, 2011, petition is the third petition[3] he has filed regarding his underlying petition. Pursuant to 28 U.S.C. §2244(b)(3) prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application.[4] In order for a petition to be considered successive, the first petition

---

[2]In completing his instant § 2254, the petitioner responded that he had filed a previous petition, application, or motion in federal court regarding the conviction he was challenging in the instant petition. However, he attached a § 2241 petition which was filed on September 19, 2011, and is pending on a Report and Recommendation that it be dismissed because inmates challenging a state conviction must proceed under § 2254. Nothing in the instant petition alerted the Court that a previous § 2254, let alone three had been filed.

[3]While technically, this is the fourth § 2254 petition filed by Jones, the first was dismissed without prejudice for failure to exhaust his state remedies and would not, in of itself, make the current petition successive.

[4]28 U.S.C. § 2244 states in pertinent part:
> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the

must have been dismissed on the merits.  Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).

The petitioner's "second" petition was denied and dismissed on the merits.  Therefore, the present petition is successive.  Because he has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive § 2254 motion, this Court is without authority to hear his successive motion.

## IV.  Recommendation

For the foregoing reasons, it is recommended that the petitioner's § 2254 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice.**

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

---

evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

4

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: March 19, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE